UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00434-MOC

| | |
|---|---|
| **DARIUS LAQTRON CHANEY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's Motion for Ruling on Unadjudicated Claim (#22). This matter is, however, presently on appeal to Court of Appeals for the Fourth Circuit, which generally makes it inappropriate for this court to take any substantive action.

Upon initial screening, the court determined that petitioner had asserted a pure Simmons claim challenging his 18 U.S.C. § 922(g) conviction by contending that such conviction was predicated on a now non-qualifying North Carolina offense. As a second contention, it was determined that petitioner, having been sentenced as a career offender and an armed career offender, raised a § 4B1.1 Career Offender claim under Simmons by contending that because his prior state-court convictions were not punishable by a term of imprisonment exceeding one year, they do not qualify as a prior felony convictions for purposes of the career offender provision of the guidelines. The court granted the petition on his first contention, set aside the conviction on Count Three and dismissed such count, but denied the remainder of the petition as procedurally barred. The court issued a certificate of appealability as to the denial of the petition as being procedurally barred, petitioner appealed, and the Court of Appeals for the Fourth Circuit stayed consideration of that appeal pending final resolution of a similar issue in United States v.

Whitesides, No. 13-7152 (4th Cir. 2013). A published panel decision has issued in Whitesides; however, the mandate has not yet been entered.

While it is clear that the court granted petitioner's first contention, denied his second contention, and denied his equitable claims, petitioner now contends that this court did not rule on his Section 2241 claims and that it should do so now even though the matter is on appeal. Rule 62.1, Federal Rules of Civil Procedure, provides that this court may defer or deny a claim that it otherwise lacks authority to grant because of a pending appeal or state that it would grant the motion "if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3).

The court finds that the motion does not raise a substantial issue. As the government noted in its response to petitioner's motion to vacate, petitioner, in his plea agreement, explicitly waived his right to "contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. § 2255." Plea Agreement at 6. As the court conducted a meaningful inquiry as to the terms of the plea agreement, including waiver, this waiver was knowingly and voluntarily agreed to and petitioner did not in any manner challenge the validity of that waiver. Because his § 2241 claim falls plainly within the scope of the post-conviction waiver to which he agreed, his claim that he is entitled to relief or that this Court should adjudicate his motion over a year after denial of petitioner's second contention and his alternative grounds for relief – does not raise a substantial issue.

## ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's Motion for Ruling on Unadjudicated Claim (#22) is DENIED as not raising a substantial issue.

Signed: April 25, 2014